SIMMONS CLOTHING CO., VS. DAVIS.

Opinion delivered October 6, 1900.

*1.  Attachment—Fraudulent Transfer of Property—Directed Verdict.*

Plaintiff attached the stock of goods of the defendant upon the ground that he had disposed of same with fraudulent intent to cheat, hinder and delay his creditors, which was controverted by the defendant. The evidence showed that defendant, when pressed by his creditors directed the stock to be sold at cost, and afterwards executed a deed of trust conveying same to one of his employees, who, after taking possession, began selling the goods at auction prior to the time fixed in the trust deed for such sale. *Held*, that the evidence failed to sustain the allegations of fraud; the conduct of the trustee in selling the goods at auction before authorized to do

so by the trust deed, in no way invalidated the deed, but merely furnished ground for his removal as trustee—and the court properly directed a verdict for the defendant; Citing DeGraffenried vs. Wallace 2 Ind. Ter. 657.

Appeal from the United States court for the Northern district.

WILLIAM M. SPRINGER, Judge.

Action by the Simmons Clothing Company against W. T. Davis. Judgment for defendant. Plaintiff appeals. Affirmed.

This action was commenced on the 9th day of March, 1898. Plaintiff alleged that the defendant was indebted to it in the sum of $638 upon an account, for merchandise sold and delivered to him, which was past due and unpaid, and asked judgment. On same day plaintiff filed affidavit for attachment upon the ground "that defendant has sold, conveyed, or otherwise disposed of his property, or suffered or permitted it to be sold, with a fraudulent intent to cheat, hinder, or delay his creditors, and is about to sell, convey, or otherwise dispose of his property with such intent," and on same day filed bond, and summons and writ of attachment issued, and on same day the marshal returned that he had attached certain property as the property of defendant, and served a copy of writ upon the following parties, viz.: "Personally on W. T. Davis, at Vinita, Ind. T., this 9th day of March, 1898; Dennis Wilson, at Vinita, Ind. T., this 9th day of March, 1898; Moge M. Wright, at Vinita, Ind. T., this 9th day of March, 1898. The first (W. T. Davis) was served as defendant and Dennis Wilson and Moge Wright as garnishees." On the 19th day of March, 1898, plaintiff served notice upon defendant that it would apply to the judge on March 21, 1898, for order to sell property attached. On

March 21, 1898, petition was presented praying for order of sale of attached property, and on March 28, 1898, order granting application for sale was made. On June 18, 1898, plaintiff presented petition for an order on the marshal to pay to plaintiff the proceeds of the sale of the attached property, which application was granted on June 20, 1898, and on same day the marshal paid over said money and took the following receipt: "$386.78. Vinita, I. T., June 20th, 1898. Received of G. S. White, deputy U. S. marshal, three hundred and eighty-six and $\frac{78}{100}$ dollars, net proceeds of sale of property attached in the above-entitled case. [Signed] James B. Burckhalter, Attorney for Plaintiff." On March 22, 1898, answer of D. H. Wilson, garnishee, filed, denying possession of any property, or being indebted to defendant Davis. On October, 6, 1898, M M. Wright files his interplea, by leave of court, and states that "he has a special property in the goods and merchandise attached herein, which said special property is based upon a deed of trust executed to the said M. M. Wright by the above-named defendant, W. T. Davis, on January 12, 1898, conveying said goods and merchandise to the said M. M. Wright for the purpose therein set forth, a copy of which said deed of trust is heretofore attached, marked 'Exhibit A,' and made a part hereof." He further states that he took possession of said property under said deed, and was performing his duty as required by same when the property was attached in this case; asks that he be heard, and the attachment be dissolved, and property be returned to him as trustee. On October 6, 1898, M. M. Wright files his answer as garnishee, and denies possession of any property except as stated in his interplea. On October 12, 1898, judgment by default was taken against defendant, Davis, for failure to answer, for $657.25. On October 31, 1898, defendant, Davis, filed his controverting affidavit as follows: "Comes now the defendant, W. T. Davis, and, for his controverting affidavit in

said cause, denies that at the beginning of this action he had sold, conveyed, or otherwise disposed of his property, or suffered it to be sold, with a fraudulent intent to cheat, hinder, or delay his creditors. He denies that he is about to sell, convey, or otherwise dispose of his property with such intent. [Signed] W. T. Davis." On the 10th day of April, 1899, the attachment case was tried to a jury, and plaintiff introduced a number of witnesses and the trust deed. At the close of plaintiff's evidence, defendant moved the court to instruct the jury to return a verdict in favor of the defendant, which motion was on April 11, 1899, sustained, to which action of the court plaintiff excepted; and the jury, under direction of the court, returned the following verdict: "We, the jury impaneled and sworn to try the issues arising upon the attachment, find the issues in favor of the defendant, W. T. Davis. [Signed] J. C. Ferree, Foreman." On April 13, 1899, plaintiff filed motion for new trial, which was overruled by the court. Plaintiff excepted, and appealed to this court.

*James B. Burckhalter*, for appellant.

*Dennis Wilson* and *John B. Turner*, for appellee.

TOWNSEND, J. The appellant has filed two specifications of error, as follows: "First, the court erred in directing the jury to return a verdict for the defendant (appellee); second, the verdict is not sustained by the evidence, and is contrary to law." The contention of plaintiff seems to be that the evidence disclosed badges of fraud, by reason of which the court should have allowed the case to go to the jury under proper instructions. We have examined Badges of Fraud. the evidence, and are of the opinion that there is nothing in this contention of plaintiff. Wright, when the deed of trust was executed and delivered to him, took immediate

possession, and kept the exclusive possession of the goods until the attachment in this case was levied. The fact that he had been an employe of Davis, and was familiar with the stock and the business, made him a very proper person for trustee, and better fitted to sell the stock in the interest of the creditors than a stranger would be. The contention that Davis, when he discovered he was being pressed by his creditors, directed the stock to be sold at cost, in order to raise money to pay his creditors, was not only no badge of fraud, but, in our judgment, an eminently proper thing to do. There is no pretense that he was misappropriating the proceeds of his sales. If Wright commenced selling at auction prior to the time fixed in the deed of trust for him to commence selling at auction, this in no way invalidated the deed. It could only furnish ground for his removal as trustee. There is no evidence that Davis had anything to do with his course of proceeding, and, besides, the testimony shows that his sales at auction resulted in securing the full cost value of the goods thus sold. In directing a verdict, the court necessarily passed upon the testimony; and, after scrutinizing the testimony with some care, we are satisfied that there was very little evidence, if any, to sustain the grounds set out in the affidavit for attachment. The charge that Davis misrepresented to Davenport what he would do is not tenable. It is shown clearly from the evidence that the making of the trust deed, at the time the conversation was had, had not been considered, and the failure of Davenport to keep his appointment, and the belief that Davenport was preparing to attach, were the immediate cause of the execu-

Directing Verdict.

tion and delivery of the trust deed. The rule in this juris diction on the question of directing a verdict is settled in De Graffenried vs Wallace 2 I. T. 657 (53 S. W. 453.) From our examination of the evidence, we think the court was fully justified in its action, and the judgment of the court is therefore affirmed.

CLAYTON, C. J., and THOMAS and GILL, JJ., concur.